**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
JUSTIN DEVEROUX

# UNITED STATES DISTRICT COURT

# EASTRN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN DEVEROUX,<br><br>    Plaintiff,<br><br>vs.<br><br>TT MARKETING, INC.<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692 ET. SEQ.];**<br>**2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788];**<br>**3) VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. § 1785.25]** |

## INTRODUCTION

1. JUSTIN DEVEROUX (Plaintiff) brings this action to secure redress from TT MARKETING, INC. (Defendant) for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and the California Consumer Credit Reporting Agencies Act "CCRAA").

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Kern County, CA. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in McKinney, Texas. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and the RFDCPA.

6. Defendant is and was, at all relevant times stated herein, an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by Cal. Civ. Code § 1785.25(a). Defendant is a "person" as defined by Cal. Civ. Code § 1785.3(j).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

8. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS

9. Within one year prior to the filing of this action, Defendant attempted to collect money, property or their equivalent, due or owing or alleged to be due or owing from Plaintiff by reason of a consumer credit transaction and/or "consumer debt."

10. Defendant is attempting to collect debt from Plaintiff which Plaintiff does not legally owe. Defendant is also inaccurately credit-reporting a deficiency balance on Plaintiff's credit which Plaintiff does not owe.

11. Plaintiff has sent numerous letters to Defendant disputing that he owes the debt which Defendant has sought to collect from Plaintiff and requesting debt validation. Although Defendant has acknowledged receipt of Plaintiff's dispute correspondence in this regard, Defendant has failed to remove its inaccurate credit-reporting regarding Plaintiff.

12. Furthermore, notwithstanding acknowledged receipt of Plaintiff's dispute correspondence, Defendant has failed to report Plaintiff's account as disputed.

## FIRST CAUSE OF ACTION
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(c) Defendant violated §1692e(8) by failing to report a disputed account as disputed;

(d) Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(e) Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

15. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

**(Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of

Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), in the following ways:

(1) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(3) Defendant violated §1692e(8) by failing to report a disputed account as disputed;

(4) Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(5) Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

19. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION

**(California Consumer Credit Reporting Agencies Act Cal. Civ. Code §§1785.25(a))**

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

23.     California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

24.     California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

25.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

26.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

27.     an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), Cal. Civ. Code § 1785.31(a)(1) and § 1785.31(2)(A); and Cal. Civ. Code § 1788.30(a);

28.     an award of statutory damages of $ 1,000.00 pursuant to 15 U.S.C § 1692k(a)(2);

29. an award of statutory damages of $ 1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

30. an award of punitive damages under Cal. Civ. Code § 1785.31(b);

31. an award of attorneys' fees and costs pursuant to 15 U.S.C § 1692k(a)(3), Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1785.31(d);

32. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 9, 2018             MARTIN & BONTRAGER, APC

By: /s/G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*